In the Matter of the Contempt of the
Supreme Court of Indiana of:
Wilburn Gudgell LOWRY.

No. 49S00–0610–CO–365.

Supreme Court of Indiana.

Jan. 22, 2007.

### ORDER IMPOSING SANCTIONS FOR UNAUTHORIZED PRACTICE OF LAW

The Indiana Supreme Court Commission for Continuing Legal Education has petitioned this Court to direct the respondent, Wilburn Gudgell Lowry, to show cause why he should not be held in contempt of this Court due to his unauthorized practice of law subsequent to his suspension by this Court on June 22, 2006, for his failure to obtain the requisite continuing legal education. *In the Matter of Failure to Comply with Continuing Legal Education Requirements and/or Nonpayment of Attorney Registration Fees,* Cause No. 94S00–0605–MS–189.

Respondent filed a response on November 20, 2006, admitting that he engaged in the practice of law on at least one occasion while suspended and that he has not been as diligent as he should have been in meeting his CLE requirements.

Respondent has a long history of suspensions for failure to meet CLE requirements and related violations:

June 13, 1996: Suspended for CLE violations, reinstated August 5, 1996.

June 6, 1997: Suspended for CLE violations, reinstated June 1, 1998.

May 17, 2000: Suspended for CLE violations, reinstated April 26, 2001.

May 16, 2001: Order to Show Cause for Contempt of Court (practicing law during May 17, 2000 to April 26, 2001 suspension).

August 29, 2001: Found in contempt and fined $2,500.

December 21, 2001: Suspended until all fines and costs paid, reinstated January 9, 2002.

January 24, 2002: Suspended for NSF check for fees, reinstated January 30, 2002.

April 30, 2004: Suspended for CLE violations, reinstated June 1, 2004.

May 23, 2006: Suspended for CLE violations, reinstated October 16, 2006.

Upon review of the commission's petition and respondent's response, we find that respondent engaged in the unauthorized practice of law in violation of Indiana Admission and Discipline Rule 29, section 10(b).

Being duly advised, this Court now **suspends respondent from the practice of law for a period of at least 120 days, effective March 9, 2007.** At the end of this period, respondent may move this Court for reinstatement to the practice of law. This Court will consider granting such a motion only if accompanied by a showing that: (1) respondent has complied with all rules applicable to suspended attorneys, including Admission and Discipline Rule 23, section 26(c); and (2) respondent has the ability and motivation to avoid any further CLE violations. The procedures of Admission and Discipline Rule 23, section 18, governing petitions for reinstatement shall not apply. Costs of this proceeding are assessed against respondent.

The Clerk of this Court is ordered to serve a certified copy of this Order upon the respondent by delivering a copy to him personally, or by sending to him a certified copy of it by registered or certified mail, return receipt requested. Should service not be obtained as outlined above, the Clerk of this Court is directed to complete

service pursuant to Admission and Discipline Rule 23, section 12(h).

The Clerk of this Court is further directed to send a copy of this Order to the Indiana Supreme Court Commission for Continuing Legal Education and its attorney of record, and to post this Order on the Court's website for orders concerning attorney disciplinary cases.

All Justices concur.